JAMES M. C. PANNELL, plaintiff in error, vs. THE STATE OF GEORGIA, defendant in error.

29  681
87  177

[1.] Upon an application for continuance by the accused, although the Court determines the showing a good one, yet if counsel for the State admit in writing the facts expected to be proved by the absent witnesses before the case is actually continued, it is no error for the Court then, to refuse to continue the case, and proceed with the trial.

[2.] When the jury have been selected to try the cause, and four of them sworn, and one of the remaining jurors excused by the Court for sickness, it is not error in the Court, after causing the panel to be filled, to require the list again to be stricken over, and the cause to proceed.

[3.] It is not necessary or proper to declare a mistrial on account of the sickness and excuse of one of the selected jurors, unless the jury have been previously charged with the case.

[4.] To entitle a party to the benefit of a written admission of what an absent witness would prove, were he present, it must be put in evidence, and read to the jury, by the party claiming the benefit of it.

[5.] The presumptions arising against an accused, from the fact, that a negro was seen to go into his store house after nine o'clock at night, and before day break in the morning, with an empty bottle, and coming out directly after, with the bottle filled with whiskey, cannot be rebutted by the fact that the owner knew that the negro was in and permitted it; or that the overseer was present, saw him enter and permitted him to do so; or from the fact that the wife of the accused, and perhaps a boy, were in the house with the accused at the time.

·Indictment, in Burke Superior Court. Tried before Judge HOLT, at May Term, 1859.

The plaintiff in error was indicted for furnishing liquor to a slave contrary to law. The State having announced ready for trial, the defendant moved for a continuance, on account of the absence of two witnesses. This motion was supported by the affidavit of defendant, as to what he expected to prove by the absent witnesses, &c. The Court ruled the showing sufficient cause for a continuance. Whereupon, the counsel for the State made and submitted an admission in writing, of the fact proposed to be proved by the absent witnesses, viz: That "on the day before and the day after the al-

leged offence, defendant had no liquor of any kind in his store,"
and upon this admission, moved for and insisted upon a
trial of the case.   Defendant objected on the ground that
the admission was not sufficient to force him to a trial, and
that the Act relating to such admissions, does not apply to
criminal cases.   The Court overruled the objection and ruled
the defendant to trial; to which decision he excepted.

After the jury was stricken and four of them sworn, one
of the jurors selected, informed the Court that he was too
sick to try the case; whereupon he was discharged, and
counsel were asked by the Court if they could not agree up-
on another juror.   Counsel for defendant proposed to sub-
stitute one who had been stricken by the State, which propo-
sition the Attorney General declined.   Defendant's counsel
then moved that the Court should declare a mistrial, which
the Court refused to do, but required counsel to strike a jury
from the same panel, another name being added thereto in
lieu of the juror who was sick.   To which rulings and de-
cisions counsel for the defendant excepted.

In the progress of the trial, the presiding Judge held that
the defendant was not entitled to the benefit of said admis-
sion, unless he offered it as evidence in his behalf, and there-
by thus depriving defendant of the conclusion.   To which
decision defendant excepted.

The evidence on the part of the State was, that the slave
went into defendant's shop or store-house, between nine
o'clock at night and day-break, and that he went in with
an empty bottle and came out with it filled with whiskey.
The defendant, and his wife, and *perhaps*, a boy, were in the
house at the time.   That the slave went in and obtained the
liquor with the knowledge of his owner and overseer, of his
intention so to do, and that the overseer was present and
permitted him to go in for that purpose.   Upon this evidence,
the Court charged the jury, that the presumption arising
from the slave being in the store at the time of night, was

against the defendant, and that presumption could not be rebutted, unless it appeared that the slave was *sent* by his owner, overseer or employer, and the knowledge and consent of the owner and overseer did not remove said presumption. To which charge defendant excepted.

MILLERS & JACKSON, for plaintiff in error.

Attorney General, *contra.*

*By the Court.*—LYON J. delivering the opinion.

[1.] The object of the continuance was, to procure the testimony of the absent witnesses. The Attorney General having admitted in writing, what the prisoner expected to prove by the absent witnesses, such continuance ceased to be necessary, and the Court was right in refusing to let the case be continued, although previous to the admission, he thought the showing good; the record not disclosing the fact, that the case had already been continued; and, if it had, we *do not know that* such fact would make any difference, unless the action of the Court had in some way operated to the surprise or injury of the defendant.

[2.] After one of the selected jurors had been excused on account of sickness, it was not irregular in the Court to cause the excused juror's place to be supplied, the list stricken over, and the trial to proceed.

[3.] Neither should the Court have ordered a mistrial under the circumstances, as the jury had not been charged with the cause.

[4.] If the plaintiff in error attached any importance to the facts expected to be proved by the absent witnesses, as admitted in writing by the Attorney General, he should have introduced and read the admission to the jury as evidence of those facts; that admission stood in place of the witnesses. It was his right to use it, and as evidence. Having failed

to do so, the facts contained therein were not before the jury, and they could not entertain them. Hence the defendant was not entitled to its benefits, for the sole reason that he did not put it in evidence.

[5.] The evidence on the trial having disclosed the fact, that the slave went into defendant's shop, or store-house, after nine o'clock at night, and before daybreak in the morning, with an empty bottle, and came out with the same filled with whiskey, the presumption of the guilt of the accused, arising from these facts, could not be rebutted by the facts, that the slave's owner knew that the negro was going there for that purpose, and permitted him to do so; or that the overseer of the negro was present, saw the negro enter and permitted him to do so; nor that the wife of the prisoner, and perhaps, a boy, were in the house with the accused at the time, unless the negro was sent by the owner or overseer for the whiskey; so there was no error in the charge of the Court.

Judgment affirmed.